Haight, J.
This action was brought to restrain the city of Rochester from emptying the contents of either the Court-Street, William-Street, or Upton-Park sewers upon the plaintiff’s premises, and for damages. In August, 1887, the-Monroe special term made an order granting an injunction pendente lite restraining the discharge of such sewage, unless the defendant, the city of Rochester, waived a trial by jury of all of the issues in the action. Prom that order an appeal was taken to the general term, and that court, on the agreement and consent of the parties made upon the argument, ordered that the-issue as to plaintiff’s right to an injunction, and all other equitable issues in the action, be tried at the Monroe equity term, and that, in case plaintiff succeeds, an interlocutory judgment maybe entered forthwith in accordance with the decision of the trial court, without waiting for the verdict of the jury upon, any other issue in the action, and that such judgment may be enforced with like effect as though it were the final judgment in the action. And it was-further ordered that the issues upon the question of damages be tried at the-Monroe circuit before a jury, and that nothing in such order contained shall be construed as preventing either party from appealing from either the interlocutory or final judgment entered in the case. The issue as to the plaintiff’s-right to an injunction came on for trial at the Monroe equity term, and resulted in a decision of that court awarding an injunction to the plaintiff; and provided, further, that “the plaintiff recover of the defendant, the city of Rochester, her costs in this action, to be adjusted and inserted in the interlocutory judgment.” The plaintiff thereupon presented to the clerk her bill of costs, which was adjusted by the clerk, and inserted in the judgment. Upon the taxation by the clerk, the attorney for the city of Rochester objected to eer *513 tain items, upon the grounds that the main issues in the action had not as yet been tried; that the action was upon the March circuit court calendar for trial; and that the issues which had been tried were merely incidental issues, and £hat the trial thereof was a special one, and had only by virtue of the order of the general term. A motion was then made to the special term for a re-taxation, which was denied, and from that order this appeal was taken.
As we have seen, the objection made before the clerk was to the effect that the main issues in the action had not as yet been tried and no final judgment authorized. We are not, therefore, called upon to consider the various items embraced in the bill. We are only to consider and determine whether the clerk properly taxed the bill of costs presented. Upon this question the clerk but followed the decision of the trial court, and the judgment entered thereon. The trial court awarded costs to the plaintiff against the city of Rochester, to be adjusted and inserted in the interlocutory judgment. This judgment is not before us at this time for review, and we are consequently not called upon to determine whether the trial court properly awarded costs to be inserted into the interlocutory judgment. The clerk had no power to reverse or modify the decision of the trial court in this regard, neither had the special term upon a motion for retaxation of costs. The remedy of the defendant, if it has any, is by an appeal from the judgment. The order of the special term should be affirmed, with $10 costs and disbursements. So ordered. All concur, except Bradley, J., not voting.